UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MERIDIAN RAIL ACQUISITION CORP d/b/a GREENBRIER RAIL SERVICES and JOHN DOE CORPORATION(S) 1 THROUGH 50, REAL NAMES UNKNOWN,<br><br>　　　　Defendants. | )<br>)<br>) CASE NO. 8:12-cv-00004<br>)<br>) JUDGE LYLE E. STROM<br>)<br>)<br>) STIPULATED PROTECTIVE ORDER<br>) AND CONFIDENTIALITY<br>) AGREEMENT<br>)<br>)<br>)<br>)<br>) |

By signing this Confidentiality Agreement and Protective Order (hereinafter "Protective Order"), the parties have agreed to be bound by its terms and to request its entry by the presiding judge. It is hereby ORDERED as follows:

　　　1.　　If a party or an attorney for a party has a good faith belief that certain documents or other materials or information (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action pursuant to this Protective Order, the party or attorney shall mark each such document or other materials as "CONFIDENTIAL."

　　　2.　　In the event a party inadvertently produces confidential documents or materials without the designation "CONFIDENTIAL", it shall not be deemed a waiver of the confidential nature of the documents or materials provided that the producing

party notify all other parties of the inadvertent production within a reasonable time after the producing party discovers the inadvertent production.

    3.    If a party or an attorney for a party disputes whether a document or other material should be marked "CONFIDENTIAL", the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "CONFIDENTIAL" designation shall do so by filing an appropriate motion and no disclosure shall take place until such motion has been ruled upon.

    4.    No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "CONFIDENTIAL", or the contents thereof, except in accordance with this Protective Order. At the conclusion of the proceedings in this action, all documents and materials marked "CONFIDENTIAL", including any copies or extracts or summaries thereof, or documents containing or derived from information taken therefrom, shall be returned to producing counsel with producing counsel to pay the shipping costs associated with the return of such documents or materials. Upon the consent of the producing party, which consent shall not be unreasonably withheld, the recipient of "CONFIDENTIAL" materials may, as an alternative to returning the CONFIDENTIAL" materials to the producing party, submit a written certification that all CONFIDENTIAL" materials have been destroyed. Provided, however, that a party that receives "CONFIDENTIAL" materials that it was entitled to receive irrespective of the above captioned litigation, shall not be required to either return or certify the

destruction of such "CONFIDENTIAL" materials. Notwithstanding the other provisions of this paragraph, counsel for each party may retain one (1) complete set of the pleadings, trial transcripts, exhibits admitted in any deposition, documents filed with the court, deposition transcripts (including deposition exhibits), and discovery responses and shall remain bound to preserve the confidentiality of such documents in accordance with the provisions of this Protective Order.

5. Any document or other material which is marked "CONFIDENTIAL," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "CONFIDENTIAL," or the contents thereof, as evidence at trial, or at any deposition taken in this action. The parties, attorneys, and other persons to whom disclosure is made shall take appropriate measures at trial, at depositions, and in the filing of any confidential documents or materials with the Court to protect the confidentiality of any document or other material which is marked "CONFIDENTIAL," or the contents thereof. Such measures may include filing a motion requesting the Court to seal a document or a portion thereof. The parties and attorneys shall not otherwise file documents under seal.

6. Any document or other material which is marked "CONFIDENTIAL," or the contents thereof may only be disclosed to counsel for the parties to this action who are involved in the conduct of this action; to the partners, associates, secretaries, paralegals, assistants, agents and employees of such counsel; and to Court officials

involved in this action (including persons such as court reporters and persons operating video recording equipment at depositions); but, as to all such persons identified in this paragraph, only to the extent reasonably necessary to render professional and related services in the action. Subject to the provisions of paragraphs 7, 8 and 9 below, such documents or other materials which are marked "CONFIDENTIAL," may also be disclosed to:

    a. the parties;

    b. any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    c. to persons noticed for depositions or designated as trial witnesses, but only to the extent reasonably necessary to prepare them to testify;

    d. to outside consultants or experts retained for the purpose of assisting counsel in this action, but only to the extent reasonably necessary for them to provide such services in this action; and

    e. any person or entity who created or previously received the document.

7. Any individual to whom disclosure is to be made pursuant to sub-paragraphs 6.b. through 6.d. above must first sign a form entitled "Nondisclosure Agreement" in the form set forth as Exhibit A to this Protective Order, containing:

    a. a recital that the signatory has read and understands this Protective Order;

    b. a recital that the signatory understands that disclosure of documents or other materials marked "CONFIDENTIAL" not authorized by this Protective Order may be subject to sanctions by the Court, including contempt proceedings; and

    c.    a statement that the signatory consents to the exercise of personal jurisdiction over him or her by this Court for the purpose of enforcing this Protective Order.

Signed acknowledgements shall be maintained by counsel responsible for such disclosures and will be provided to all other counsel upon request.

    8.    Before disclosing documents or other materials marked "CONFIDENTIAL" to any person listed in paragraph 6 who any adverse party has identified in writing as a competitor or potential competitor (or who is an employee, consultant, agent, representative or affiliate of such competitor or potential competitor) of that adverse party, the party intending to disclose such documents or materials shall give at least 10 business days' advance notice in writing to producing party's counsel who designated such documents or other materials as "CONFIDENTIAL", stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the items to be disclosed, and stating the purpose(s) of such disclosure. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible unless and until the Court has denied such motion.

    9.    Nothing contained in this Protective Order shall act as a waiver of the right of either party to seek a supplemental protective order from the Court requiring that certain documents, information or materials be produced or disclosed on an "ATTORNEYS EYES ONLY" basis in order to seek greater protection from production or disclosure than that provided by the "Confidential" designation.

10. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy or admissibility of the documents or other materials marked "CONFIDENTIAL" and disclosed pursuant to this Protective Order.

BY THE COURT:

Dated: November 20, 2013

/s/ Lyle E. Strom
LYLE E. STROM, Senior Judge
United States District Court

Dated: November 7, 2013

By: _____
Kyle Wallor, #21346
 Counsel for Union Pacific Railroad Company
LAMSON, DUGAN AND MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
(402) 397-7300

Dated: Nov. 6, 2013

By: _____
Frank Weiss, Admitted Pro Hac Vice
 Counsel for Meridian Rail Acquisition Corp.
TONKON TORP, LLP
1600 Pioneer Tower, 888 SW Fifth Ave.
Portland, OR 97204
(503) 802-2051

033672/00008/4982980v1